IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DAVID ROMERO, *Plaintiff/Appellant*,

*v.*

KHALID S. HASAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0508
FILED 1-5-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-095832
The Honorable Mark F. Aceto, Judge (Retired)

**AFFIRMED**

COUNSEL

David Romero, Queen Creek
*Plaintiff/Appellant Pro Per*

Holden & Armer PC, Tempe
By Scott A. Holden, Carolyn Armer Holden
*Counsel for Defendants/Appellees*

**OPINION**

Judge Jon W. Thompson delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Charles W. Gurtler, Jr. joined.[1]

T H O M P S O N, Judge:

¶1        David Romero appeals the dismissal of his medical malpractice claim against Khalid S. Hasan, M.D., for failure to file a preliminary expert affidavit as required under Arizona Revised Statutes (A.R.S.) § 12-2603 (2016).[2]  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        In October 2014, Romero filed a complaint alleging Hasan negligently prescribed an incorrect dosage of synthroid in October 2012.

¶3        In December 2014, Romero certified pursuant to A.R.S. § 12-2603 that expert testimony was not necessary to prove the proper standard of care or breach.   Hasan disputed that certification and moved to dismiss Romero's claim for failure to comply with A.R.S. § 12-2603.   Romero responded that his claim did not require expert testimony, but requested additional time to comply with the statute's requirement to provide a preliminary expert affidavit if the superior court concluded to the contrary.  Finding Romero's claim required expert testimony, the superior court ordered him to provide a preliminary expert opinion affidavit within nine weeks.

¶4        Three days before the court-ordered deadline, Romero requested the superior court set a hearing so his treating physicians could "establish the requirements under A.R.S. § 12-2603."   Romero admitted he was unable to obtain the affidavits required by A.R.S. § 12-2603.   The

---

[1]        The Honorable Charles W. Gurtler, Jr., Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article 6, Section 3 of the Arizona Constitution.

[2]        We cite the current version of applicable statutes unless revisions material to this decision have occurred since the events in question.

superior court denied Romero's request for a hearing and dismissed Romero's claim without prejudice.

¶5 Romero points out that Arizona has a savings statute—A.R.S. § 12-504(A)—that would have permitted him to refile his action; however, no issue regarding A.R.S. § 12-504(A) is presently before us. We have jurisdiction. *See* A.R.S. §§ 12-2101(A)(3) (2016) (appellate jurisdiction), -120.21(A)(4) (2016) (special actions jurisdiction).

## DISCUSSION

¶6 On appeal, Romero argues the superior court erred in rejecting his request for his treating physicians to testify at a hearing in lieu of him serving a preliminary affidavit as required by A.R.S § 12-2603.[3] We review de novo the superior court's order granting a motion to dismiss. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7, 284 P.3d 863, 866-67 (2012).

¶7 In medical malpractice actions, A.R.S. § 12-2603(A) requires a claimant to certify at the time the claim is filed whether expert opinion testimony is necessary to prove the health care professional's standard of care or breach. If the claimant certifies expert testimony is not required, the health care professional may dispute that certification and apply for an order requiring the claimant to serve a preliminary expert opinion affidavit. A.R.S. § 12-2603(D). If the court determines compliance is necessary, the court shall set a compliance deadline. A.R.S. § 12-2603(E). The court "shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after . . . the court has ordered the claimant . . . to file and serve an affidavit." A.R.S. § 12-2603(F).

¶8 A statute's language is "the most reliable evidence of its intent." *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 75, ¶ 8, 202 P.3d 536, 540 (App. 2009) (quoting *Walker v. City of Scottsdale*, 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (App. 1989)). If statutory language is "clear and unambiguous," we give effect to legislative intent by applying the language based "on the assumption that the legislature meant what it said." *Melendez v. Hallmark Ins. Co.*, 232 Ariz. 327, 330, ¶ 10, 305 P.3d 392, 395 (App. 2013).

¶9 The legislature directed the affidavit required by A.R.S. § 12-2603 to "certify that the action against the medical professional is not

---

[3] We deny as moot Romero's request to strike Hasan's statement of facts.

meritless." *Jilly v. Rayes*, 221 Ariz. 40, 43, ¶ 6, 209 P.3d 176, 179 (App. 2009). A.R.S. § 12-2603(F) clearly and unambiguously mandates the superior court dismiss without prejudice a claim when the claimant fails to comply with the court's order to file and serve a preliminary expert opinion affidavit. A.R.S. § 12-2603 does not provide for a hearing in lieu of serving the requisite affidavit. Here, because the superior court ordered Romero to provide the requisite affidavit by a date certain, it did not err by dismissing Romero's claims without prejudice for failure to comply with A.R.S. § 12-2603.[4]

## CONCLUSION

**¶10** We affirm and award Hasan costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] We do not address Romero's argument that A.R.S. § 12-2603 unconstitutionally violates his right of access to the courts. Because Romero failed to raise this argument before the superior court, he has waived it on appeal. *Romero v. Sw. Ambulance*, 211 Ariz. 200, 204, ¶ 7, 119 P.3d 467, 471 (App. 2005). In any event, to the extent Romero argues he cannot afford the expense of hiring an expert witness to make an affidavit, he offers no evidence that any of the treating physicians he intended to call at the requested hearing would have been willing to provide the information required by § 12-2603(B).