IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEVE W. BOSWELL, *Plaintiff/Appellant*,

*v.*

ROBERT FINTELMANN, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0859
FILED 3-9-2017

Appeal from the Superior Court in Maricopa County
No. CV2014-009402
The Honorable J. Richard Gama, Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Steve W. Boswell, Phoenix, *In propria persona*
*Plaintiff/Appellant*

Broening Oberg Woods & Wilson, PC, Phoenix
By James R. Broening, Megan E. Gailey, Kevin R. Myer
*Counsel for Defendants/Appellees*

**OPINION**

Judge Jon W. Thompson delivered the opinion of the Court, in which Presiding Judge Randall M. Howe and Judge Lawrence F. Winthrop joined.

**T H O M P S O N**, Judge:

**¶1**	Steve W. Boswell (Boswell) appeals from the dismissal with prejudice of his medical malpractice action based on his failure to serve a preliminary expert opinion affidavit.  For the following reasons, we affirm the judgment as modified to reflect that the dismissal is without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**	In July 2014, Boswell filed a complaint in superior court alleging medical malpractice against Robert Fintelmann, M.D., Robert Pinkert, O.D., Thomas R. Wolf, Barnet Dulaney Surgery Center, LLC, Barnet Dulaney Perkins Eye Center, PLLC and others (appellees).  Boswell certified pursuant to Arizona Revised Statutes (A.R.S.) section 12-2603 (2016)[1] that medical expert testimony was necessary to prove his claims.  If a claimant certifies that expert opinion is necessary, A.R.S. § 12-2603(B) (2016) requires a claimant to serve a preliminary expert opinion affidavit at the same time as initial disclosures.

**¶3**	Boswell did not provide an initial disclosure statement and a preliminary expert opinion affidavit, and appellees moved for an order compelling him to do so.  The superior court granted appellees' motion and ordered Boswell to serve his initial disclosure statement within twenty days and his preliminary expert opinion affidavit within thirty days.

**¶4**	Boswell did not comply with the court order, and appellees moved for dismissal.  Boswell cross-moved for a ruling that A.R.S. § 12-2603 is unconstitutional.  The superior court granted appellees' motion to dismiss, denied Boswell's cross-motion, and dismissed Boswell's claim with prejudice.  We have jurisdiction over Boswell's timely appeal pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

**¶5**	We review de novo a dismissal for failure to serve a preliminary expert opinion affidavit required by A.R.S. § 12-2603, *Romero v. Hasan*, __ Ariz. __, __, ¶ 6, 388 P.3d 22, 23 (App. 2017) (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7, 284 P.3d 863, 866-67 (2012)), because a claimant's failure to properly certify the non-frivolous nature of the complaint pursuant to A.R.S. § 12-2603 is a pleading failure.  Dismissal for

_____

[1] We cite the current versions of the applicable statutes and rules unless revisions material to this opinion have occurred since the events in question.

failure to serve the expert affidavit is not tantamount to dismissal for failure to prosecute, which operates as an adjudication on the merits. *See* Ariz. R. Civ. P. 41(b). Nor is it a dismissal as a sanction for a discovery violation, because the affidavit requirement is "meant to certify that the action . . . is not meritless," and it is not required "that the expert giving the preliminary affidavit serve as the expert at trial." *Jilly v. Rayes*, 221 Ariz. 40, 42-43, ¶ 6, 209 P.3d 176, 178-79 (App. 2009) (citation omitted). *See also Gorney v. Meaney*, 214 Ariz. 226, 228, ¶ 4, 150 P.3d 799, 801 (App. 2007) (court of appeals reviewed de novo trial court's grant of summary judgment to defendant on the basis that plaintiff's expert opinion affidavit did not conform with A.R.S. § 12-2603(B)).

**¶6** Although Boswell argues the superior court erred by dismissing his complaint because the court erroneously concluded that he failed to serve his initial disclosure statement, we reject this argument because the court properly dismissed based on Boswell's failure to serve the preliminary expert affidavit required by A.R.S. § 12-2603.[2]

**¶7** Section 12-2603(F) requires the superior court to dismiss without prejudice a claim when the claimant fails to file and serve a preliminary expert opinion affidavit after certifying an affidavit is necessary or the court has ordered compliance.[3] Because Boswell failed to comply with the order to serve the affidavit, the court appropriately dismissed his claim.

**¶8** However, the statute does not authorize dismissals with prejudice. *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 323–24, ¶¶ 20, 22, 25, 183 P.3d 1285, 1291–92 (App. 2008). Although appellees correctly

---

[2] Appellees acknowledged in their motion to dismiss that Boswell had provided his initial disclosure statement prior to the deadline ordered by the court.

[3] Because Boswell fails to develop and support his conclusory arguments that A.R.S. § 12-2603 and related statutes are unconstitutional and that the superior court improperly sealed an "investigative report," he waives them. *See* ARCAP 13(a)(7); *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007). Additionally, to the extent Boswell argues he cannot afford to hire an expert to make an affidavit, he offers no evidence that any qualified expert would have provided the information required by A.R.S. § 12-2603. *See Romero,* __ Ariz. at __ n.4, ¶ 9, 388 P.3d at 23 n.4.

assert that the superior court referred to Arizona Rule of Civil Procedure 37(b)(2)[4] in its ruling dismissing Boswell's claim, that rule also does not authorize dismissals with prejudice for the failure to comply with A.R.S. § 12-2603. Thus, the court erred by dismissing Boswell's claim with prejudice.

## CONCLUSION

**¶9**      For the foregoing reasons, we affirm the judgment as modified to reflect that dismissal is without prejudice.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[4] Rule 37(b)(2)(A)(v) provides that if a party fails to obey an order to provide or permit discovery, the court may dismiss the action.