NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SYLVIA CARAVETTA, *Plaintiff/Appellant*,

*v.*

BANNER HEALTH, dba BANNER THUNDERBIRD MEDICAL CENTER,
*Defendant/Appellee*.

No. 1 CA-CV 16-0101
FILED 4-25-2017

Appeal from the Superior Court in Maricopa County
No.  CV2015-050030
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Sylvia Caravetta, Delray Beach, FL
*Plaintiff/Appellant*

Campbell, Yost, Clare & Norell, P.C., Phoenix
By Sigurds M. Krolls, Margaret F. Dean
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1          Sylvia Caravetta appeals from an order dismissing her case for failure to serve a preliminary expert opinion affidavit pursuant to Arizona Revised Statutes (A.R.S.) section 12-2603.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2015, Caravetta filed a claim against Banner Health alleging she was "deliberately harmed" when a nurse "stabbed" her with a medication-filled syringe during a January 2013 hospital admission. According to the complaint, the medication immediately dripped out of her hip and a "large bleeding black bruise" developed.  Caravetta reported the incident to a supervisor, who purportedly failed to treat the resulting injuries, order re-administration of the medication, or prevent the nurse from "stabbing" her a second time.  She also alleged the treating physician likewise failed to treat her injuries and, instead, discharged her.[2]

---

[1]          Absent material changes from the relevant date, we cite a statute's current version.

[2]          Caravetta later amended her complaint to add a claim for violation of the Adult Protective Services Act (APSA), *see* A.R.S. §§ 46-451 to -459, based upon Banner Health's failure to photograph the alleged injuries. Although an amended complaint typically supersedes the original, *Francini v. Phx. Newspapers, Inc.*, 188 Ariz. 576, 586 (App. 1996) (citing *Campbell v. Deddens*, 21 Ariz. App. 295, 297 (1974)), the entire case proceeded on the issue of whether Caravetta pleaded a medical malpractice or an intentional tort claim within her original complaint.  Moreover, Caravetta failed to state a claim for violation of APSA on the asserted grounds because neither A.R.S. § 46-453 — governing the immunity of a person making an APSA complaint and non-privileged communications with a clergyman or priest

**¶3**        Banner Health moved for an order designating the case as one for medical malpractice and requiring service of a preliminary expert opinion affidavit.  *See* A.R.S. § 12-2603(A), (D).  Caravetta disputed that her case was one for medical malpractice, arguing instead the complaint presented "an assault and ongoing harm and neglect case."   After oral argument, the superior court determined the action was subject to A.R.S. § 12-2603 and ordered Caravetta to serve a preliminary expert opinion affidavit by December 7, 2015.  The court warned that if Caravetta failed to comply, it would dismiss the action.

**¶4**        Caravetta failed to provide the requisite affidavit, and, upon Banner Health's motion, the superior court dismissed Caravetta's claim without prejudice.  We have jurisdiction over Caravetta's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(3).  *See Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, ¶ 15 (2009) (holding a dismissal without prejudice entered after the statute of limitations has run is a final, appealable order when it "in effect determines the action") (citations omitted), *superseded by statute on other grounds as stated in Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 431, ¶ 22 (App. 2016); *see also Romero v. Hasan*, 241 Ariz. 385, 386, ¶¶ 4-5 (App. 2017).

## DISCUSSION

**¶5**        Caravetta violates appellate court rules by failing to set forth relevant facts, identify discernible issues, develop arguments, and cite authorities or relevant parts of the record within her briefs.  *See* ARCAP 13(a)(5)-(7).  We have attempted to discern Caravetta's arguments as best we can and consider only adequately supported arguments.  *See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).  Arguments unsupported by law and fact are waived.  *Id.; see also Ritchie v. Krasner,* 221 Ariz. 288, 305, ¶ 62 (App. 2009) (holding that failure to support arguments with legal authority may constitute waiver and abandonment of that claim) (citing *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004)).

**¶6**        Caravetta states she filed her lawsuit "to be compensated for being assaulted by a nurse who stabbed [her] with a needle after giving [her] a strange creepy mean look" and the case is not about "the

_____

— nor A.R.S. § 46-454(G) — granting a person who receives a report of adult abuse the discretionary authority to take photographs — give rise to a private cause of action such as that asserted by Caravetta here.  Accordingly, we elect to address those claims pleaded in the original complaint.

misadministration of medication or medical services." To the extent Caravetta challenges the superior court's determination that this is a medical malpractice action and compliance with A.R.S. § 12-2603 was necessary, we review *de novo* the interpretation and application of A.R.S. § 12-2603. *See Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 319, ¶ 5 (App. 2008) (citing *Energy Squared, Inc. v. Ariz. Dep't of Revenue*, 203 Ariz. 507, 509, ¶ 15 (App. 2002)). We accept the facts alleged in the complaint as true and view those facts in the light most favorable to Caravetta. *Id.* at ¶ 2 (citing *Johnson v. McDonald*, 197 Ariz. 155, 157, ¶ 2 (App. 1999)).

¶7 A medical malpractice action is one "for injury or death against a licensed health care provider based upon such provider's alleged negligence, misconduct, errors or omissions, or breach of contract in the rendering of health care, medical services, nursing services or other health-related services, without express or implied consent." A.R.S. § 12-561(2). "[I]n the context of lawsuits against health care providers, Arizona courts distinguish between 'battery,' an intentional tort where the provider performs a medical procedure to which the patient has not consented," *Gorney v. Meaney*, 214 Ariz. 226, 228 n.1, ¶ 2 (App. 2007) (citation omitted), and negligence claims that are governed by the Medical Malpractice Act (MMA), *see Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 309-10, 313, ¶¶ 11, 27 (2003) (citing A.R.S. § 12-562(B)). The failure to obtain the patient's consent "is the fulcrum on which a medical battery claim . . . turns." *Carter v. Pain Ctr. of Ariz., P.C.*, ___ Ariz. ___, ___, ¶ 10, 2016 WL 8253002, at *3 (App. May 10, 2016) (citing *Duncan*, 205 Ariz. at 311, ¶ 18).

¶8 Even reading the allegations of the complaint in the light most favorable to Caravetta, it is apparent that she consented to the medical procedure of which she now complains — the administration of medication. Even after the first shot, which she alleges caused a "large bleeding black bruise," Caravetta allowed the same nurse to "stab" her a second time to administer additional medication. Caravetta has not stated a claim for the intentional tort of battery. *See State v. Holle*, 240 Ariz. 300, 309, ¶ 43 (2016) (acknowledging consent as a defense to an assault committed by a health care provider) (citations omitted). Her use of the term "battery" is not determinative. *See Gorney*, 214 Ariz. at 228 n.1, ¶ 2 ("Although the first count of [plaintiff's] complaint is entitled 'Battery,' . . . [plaintiff's] allegations amount to 'lack of informed consent,' were treated as such below, and will be so treated on appeal.'").

¶9 Instead, the complaint establishes that Caravetta is unhappy with the manner in which the nursing services were provided. A healthcare provider's misconduct in the course of rendering nursing services falls

squarely within the purview of the MMA. *See* A.R.S. § 12-2601(1)(b) (defining an MMA claim as one "based on the licensed professional's alleged . . . negligence, misconduct, errors or omissions in rendering professional services"). And, because Caravetta did not comply with the requirement she obtain and disclose a preliminary expert opinion affidavit establishing the standard of care and liability of the health care professional, the superior court properly dismissed her case. *See* A.R.S. § 12-2603(F) ("The court . . . shall dismiss the claim against the health care professional . . . without prejudice if the claimant . . . fails to file and serve a preliminary expert opinion affidavit after . . . the court has ordered the claimant . . . to file and serve an affidavit.").

## CONCLUSION

**¶10** The order dismissing the complaint without prejudice is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA