NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

*In re the Matter of:*

KELSEY WILLIAM LAVICKA, *Petitioner/Appellee/Cross-Appellant*,

*v.*

TAMMY THERESA LAVICKA, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 19-0660 FC
FILED 1-12-2021

Appeal from the Superior Court in Maricopa County
No.  FC2017-003984
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED IN PART, VACATED IN PART, REMANDED**

COUNSEL

Tiffany & Bosco, PA, Phoenix
By Kelly L. Mendoza

Law Office of Charles Sears, PLLC, Phoenix
By Charles E. Sears
*Co-Counsel for Petitioner/Appellee/Cross-Appellant*

Tammy Theresa Lavicka, Phoenix
*Respondent/Appellant/Cross-Appellee*



**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

**S W A N N**, Chief Judge:

**¶1**        Tammy Theresa Lavicka ("Mother") appeals several provisions of the decree dissolving her marriage to Kelsey William Lavicka ("Father"). Father cross-appeals the superior court's ruling denying his motion to amend or alter the decree and recalculate child support. For the following reasons, we vacate the child support calculation and student loan debt division. We remand to the superior court to recalculate child support, and order retroactive child support, student loan reimbursement, and division of Father's military pension. We affirm all remaining provisions of the decree.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The superior court issued a dissolution decree, which included provisions for legal decision-making, parenting time, a calculation of child support, spousal maintenance, division of community assets and debt, and attorney's fees. Father filed a motion to alter or amend provisions of the decree, including an intrastate travel notice requirement and the child support calculation. Before the court ruled on Father's motion, Mother appealed various provisions of the decree and filed a motion for reconsideration. The court issued a ruling in part denying Father's motion and adjusted the child support calculation to correct a clerical error. The

court denied Mother's motion for reconsideration.[1]  Father cross-appealed the denial of his motion to alter or amend.[2]

**DISCUSSION**

I.      NAME CHANGE

**¶3**          Mother argues the superior court erred by refusing to hear evidence regarding her request to hyphenate the minor child's last name. After the court stated at trial that the issue was not properly pled, Mother informed the court that if the court would not change the child's name she would withdraw her request to change her own name.  We view this as tantamount to a waiver of her request to change the minor child's name and find no error.

II.     RETROACTIVE CHILD SUPPORT

**¶4**          Mother asserts the superior court failed to address child support from the date of service of the petition through the court-ordered date for commencement of child support.  Father concedes that A.R.S. § 25-320(B) applies and the court's order fails to order support from the date of filing of the petition.  Accordingly, we remand this issue for a determination of the appropriate amount of child support during the pendency of the proceedings.

---

[1]      To the extent Mother challenges the superior court's denial of her motion for reconsideration, we do not consider it because Mother's notice of appeal specified only the decree; Mother did not file an amended notice of appeal challenging the denial of her motion.  *See* ARCAP 8(c)(3); *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 599, ¶ 38 (App. 2007) (limiting appellate review to "rulings specified in the notice of appeal").

[2]      Mother moves to dismiss Father's cross-appeal because his motion to alter or amend the decree was untimely.  The superior court issued its decree on August 6, 2019.  The period for Father to file a motion to alter or amend ended 25 days later, on August 31, 2019.  Ariz. R. Fam. L. P. 83(c)(1). But since August 31, 2019 was a Saturday, followed by a legal holiday, Father had until September 3, 2019 to file his motion.  Ariz. R. Fam. Law P. 4(a)(3).   Therefore, Father's motion on September 3, 2019 was timely. Moreover, because Father filed his notice of cross-appeal less than thirty days after the court ruled on his motion, we deny Mother's request to dismiss the cross-appeal.  *See* ARCAP 9(b), 9(e)(1)(C), 9(e)(3).

## III.   CHILD SUPPORT CALCULATION

**¶5**         Both Mother and Father challenge the child support calculation.  Mother argues the superior court erred by failing to include Father's income from rental properties, by permitting Father to deduct various expenses, and by miscalculating the amount of the child's healthcare costs.  Father contends the court erred in its child support calculation by deducting the spousal-maintenance amount from Father's income but not simultaneously adding it to Mother's income.  Father also contends the court failed to properly account for childcare costs in the child support calculation.

**¶6**         We review a child support award for abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994).  We view the evidence in the light most favorable to affirming the superior court's ruling and will affirm if the evidence reasonably supports it.  *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).  The court abuses its discretion if the record lacks competent evidence to support its decision or the court made a legal error. *See Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).  We review de novo the interpretation of the Arizona Child Support Guidelines, A.R.S. § 25-320 (2018) ("Guidelines"), governing child support calculations.  *Patterson v. Patterson*, 226 Ariz. 356, 358, ¶ 4 (App. 2011).

**¶7**         The superior court attributed $11,111.29 in gross monthly income to Father, which was consistent with the joint pretrial statement, affidavit of financial information, and Father's testimony.  Mother did not provide any specific testimony about Father's rental income.  Although Father acknowledged that the gross rental income for his rental properties in 2014 was higher than the amount listed in his affidavit, he did list an average rental net income from 2013–2017 and excluded expenses, which is appropriate under Arizona law.  Guidelines § 5(C).  The record supports the superior court's calculation of Father's gross monthly income.  The record also supports the amount of the child's healthcare costs used in calculating child support.[3]

---

[3]        Although Mother argues on appeal Father failed to enroll the child in a dental plan in 2019, she points to no evidence in the record that she raised this issue before the superior court; accordingly, we will not consider it.  *See* ARCAP 13(a)(7); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009).

¶8            Turning to Father's arguments, although the superior court correctly deducted the spousal maintenance award from Father's gross monthly income, it erred in not simultaneously including the spousal maintenance award in Mother's income. Guidelines § 5(A). The court also misinterpreted Guidelines § 9(B) by omitting childcare costs from the child support calculation on the basis that Father was not entitled to the federal childcare tax credit in this equal parenting-time case. But the cited provision refers to an adjustment to childcare costs based on the federal childcare tax credit, and neither precludes nor requires the inclusion of childcare costs in the calculation of the support amount. *See* Guidelines § 9(B). Because the Guidelines are permissive as to the consideration of childcare costs in the child support calculation, we vacate and remand on this issue.

IV.      COMMUNITY PROPERTY DISTRIBUTION

         A.      Personal Property

¶9            Mother argues the superior court inequitably divided the community personal property. She contends the court awarded her household furnishings that were "already" her sole and separate property. Specifically, she requests that the court award her the guns and gun safes allocated to Father. Mother points to no evidence in the record that she raised the issue of classification of household furnishings as sole and separate property below, and we cannot consider it for the first time on appeal. *See* ARCAP 13(a)(7); *Ritchie*, 221 Ariz. at 305, ¶ 62. Mother also offered no evidence of proposed values for items awarded to Father or for items awarded to her in support of her argument of inequitable division of community property. The record supports the court's division of personal property.

         B.      Mother's Real Property

                 1.      *House Note Disclaimer*

¶10           Mother asserts the superior court erred by not upholding Father's alleged disclaimer of his community interest in her separate real property—the home at which the parties resided during the marriage. The record shows that Father signed a document stating that Mother's home was her "property as long as [n]o claim is made against any of my properties." Although the court did not address this document in its ruling, we infer any necessary supporting findings. *See Wippman v. Rowe*, 24 Ariz. App. 522, 525 (1975). The court determined that the home was Mother's sole and separate property but that the debt on the home was paid off

during the marriage, resulting in a community lien. The court awarded Father his share of the community lien. Such an order is required by Arizona law, and does not improperly transform separate property into community property. *See* A.R.S. § 25-318(E)(1). The record supports the court's implied finding that Father did not disclaim his community lien interest in Mother's separate real property.

### 2. Appraisals

¶11 Mother argues the superior court erred by precluding the admission of untimely disclosed appraisals of her separate real property in support of her calculation of the community lien. We will "uphold an evidentiary ruling absent a clear abuse of discretion and resulting prejudice." *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018). At trial, Mother's attorney conceded these appraisals were untimely disclosed. Mother testified that she thought the comparable properties included in the appraisals that were admitted were inaccurate for various reasons. The court permitted Mother's expert witness to testify about why he believed Father's timely disclosed appraisals were inaccurate, but the witness declined. Because the record supports a finding of untimely disclosure and no resulting prejudice, we perceive no abuse of discretion.

### 3. Community Lien Calculation

¶12 Mother asserts the superior court incorrectly calculated the amount of the community lien on her separate real property. Father testified as to all values comprising the relevant factors set forth in *Drahos v. Rens*, 149 Ariz. 248, 249–51 (App. 1985) used to calculate a community lien on separate real property. Although the court's ruling lists incorrect underlying values, the court ultimately ordered Mother to pay Father $73,489.96, which is mathematically correct using the numbers testified to at trial by Father. Although Mother challenged Father's testimony that the mortgage had been paid off during the marriage and asserted that a balance of $4,205.84 remained at the time of service of the petition, "we do not reweigh the evidence" on appeal and instead "defer to the family court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). Because the record supports the court's award of $73,489.96 to Father for his interest in the community lien, there was no abuse of discretion.

### C. Father's Real Property

¶13 Mother argues the superior court erred by not finding a community interest in the increased value of Father's inherited separate

real properties due to spousal labor or goodwill. Although the increase in value of a separate business may be equitably apportioned if community efforts caused a portion of that increase, *Rueschenberg v. Rueschenberg*, 219 Ariz. 249, 254, ¶ 20 (App. 2008), the record supports the court's finding that the community expended no funds on Father's separate real properties and that Mother presented no credible evidence to support her claim that the community's efforts increased the value of these properties during the marriage. Because we defer to the court's credibility findings, we find no abuse of discretion. *See Lehn*, 246 Ariz. at 284, ¶ 20.

### D. Emergency Funds

¶14 Mother asserts the superior court erred by finding that a safe Father admitted to removing from the marital home contained only $2,000 in emergency fund cash. Based on this finding, the court awarded Mother $1,000 for her community interest in the cash. Father testified at trial that the safe he took contained community funds in the amount of $2,000. Mother testified the safe contained $12,000. We do not reweigh evidence, and the court did not abuse its discretion in finding Father more credible than Mother. *See id.*

### E. Student Loan Debt

¶15 Mother argues the superior court failed to order Father to reimburse the community for payments made during the marriage to reduce Father's separate, premarital student loan debt. Father acknowledges that the community paid $3,303.83 more toward Father's student loans than Mother's, and that Father owes Mother $1,651.92. The record supports this calculation. We therefore vacate the court's division of student loan debt and remand for the court to determine an appropriate offset payment to Mother.

### F. Credit Card Debt

¶16 Mother asserts the superior court erroneously divided non-community portions of Father's credit card debt between the community. Father testified regarding the balances on his credit cards on the date of service of the petition and that those credit cards were used for community expenses. Father acknowledged that his employer reimbursed him for travel expenses and that some expenses were for items purchased post-petition for which Mother should not be responsible, there was no testimony or dollar amount provided at trial that would allow the court to calculate what dollar amount should be deducted for work-reimbursed or post-petition items. The court ultimately divided the credit card debt

equally between the parties based upon the exhibits admitted into evidence and testimony offered at trial. As such, the record supports the court's allocation of credit card debt.

### G. Father's Military Pension

¶17 Mother argues the superior court erred by not dividing the accrual of Father's military pension during the marriage; Father agrees. Accordingly, we remand for division of Father's military pension.

### H. Financial Accounts

¶18 Mother asserts the superior court failed to divide a community-owned college savings plan for the minor child and erred in allocating certain financial accounts. Because Mother failed to develop this argument on appeal and only states that the court failed to divide the community-owned college savings plan, she waives this issue. *See* ARCAP 13(a)(7); *Boswell v. Fintelmann*, 242 Ariz. 52, 54, ¶ 7 n.3 (App. 2017) (noting appellant who "fails to develop and support his conclusory arguments . . . waives them"). Moreover, the court did not award this account to Father on his behalf but rather to manage for the child's benefit. The record supports the court's allocation of all other financial accounts. Although the record contains some conflicting evidence, we defer to the court's credibility determination and find no abuse of discretion. *Lehn*, 246 Ariz. at 284, ¶ 20.

## V. ATTORNEY'S FEES IN SUPERIOR COURT

¶19 Mother challenges the superior court's denial of attorney's fees, which we review for abuse of discretion. *See Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012). Mother challenges the court's findings pursuant to A.R.S. § 25-324(A) that she acted "unreasonably in the litigation" and that the provisions of A.R.S. § 25-324(B) do not apply. However, the record supports the court's findings. Moreover, because an award of attorney's fees under A.R.S. § 25-324(A) is permissive, even if the court found that Mother had acted reasonably, it could have declined to award fees. The court did not abuse its discretion by denying attorney's fees.

## VI. INTRASTATE TRAVEL NOTICE REQUIREMENT

¶20 Father challenges the superior court's denial of his motion to alter or amend the decree, which in part required a seven-day written notice requirement for intrastate travel with the minor child. We review orders

denying motions to amend or alter a judgment for an abuse of discretion. *See Mullin v. Brown*, 210 Ariz. 545, 547, ¶ 2 (App. 2005). Father argues the notice requirement amounts to an inappropriate restriction on parenting time and precludes either parent from taking the child on a spontaneous day trip. The provision is not a restriction on parenting time, but merely a notice requirement. The record shows that when the parties separated, Mother disappeared with the child for two days. Accordingly, the record supports a reasonable notice requirement. Moreover, in its ruling, the court explicitly permitted the parties to freely enter into agreements to modify the requirement. We find no abuse of discretion.

## CONCLUSION

**¶21** For the foregoing reasons, we vacate the child support calculation, student loan debt division, and division of Father's military pension. We remand to the superior court for further consideration consistent with this decision. We affirm all remaining challenged provisions of the decree.

**¶22** Both parties request attorney's fees and costs on appeal. Because Mother represented herself on appeal, she is not entitled to attorney's fees. *See Connor v. Cal–Az Props., Inc.*, 137 Ariz. 53, 56 (App. 1983), *disagreed with on other grounds by Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 367–68, ¶¶ 13–14 (2017). We deny Father's request for fees pursuant to A.R.S. § 25-324 and ARCAP 25. Because neither side was "successful" under A.R.S. § 12–341, neither is entitled to costs on appeal. *See Smith v. Pinnamaneni*, 227 Ariz. 170, 179, ¶ 29 (App. 2011).



AMY M. WOOD • Clerk of the Court
FILED:    AA