NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN PIERRE BAKER, *Plaintiff/Appellant*,

*v.*

BIREN PATEL, *Defendant/Appellee*.

No. 1 CA-CV 21-0224
FILED 10-7-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-005669
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

John Pierre Baker, Buckeye
*Plaintiff/Appellant*

Quintairos, Prieto, Wood & Boyer, P.A., Scottsdale
By Michael F. Tamm, Rita J. Bustos
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P O R T L E Y**, Judge:

**¶1**   Plaintiff John Pierre Baker appeals the dismissal of his complaint without prejudice for failure to disclose a preliminary expert opinion affidavit as required by Arizona Revised Statutes ("A.R.S.") section 12-2603. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**   Baker, an inmate in the Arizona Department of Corrections' Lewis Complex, Barchey Unit, saw Dr. Biren Patel in April 2019 for an enlarged prostate. According to the complaint, Dr. Patel inserted a Foley catheter that remained for five weeks, causing pain and suffering. Baker also alleged that he suffered a serious urinary tract infection and painful urination because Dr. Patel failed to prescribe antibiotics.

**¶3**   Baker sued Dr. Patel in May 2020, alleging medical malpractice. Baker later asked the superior court to waive the expert testimony requirement of A.R.S. § 12-2603. As relevant to this appeal, the statute requires one who asserts a civil claim against a health care professional to (1) certify whether expert testimony is necessary to establish the standard of care or liability and, if so, (2) provide a preliminary expert opinion affidavit with initial Rule 26.1, Ariz. R. Civ. P., disclosures. A.R.S. § 12-2603(A)-(B). The superior court denied Baker's motion and ordered him to file a preliminary expert affidavit by December 31, 2020.

**¶4**   Shortly before that deadline, Baker filed a "Motion to Change Type of Civil Case from Medical Malpractice to Deliberate Indifference," stating that he had not been able "to find a medical expert to give [him] a statement on Foley placement." Dr. Patel cross-moved to dismiss the

---

[1]   The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

complaint, contending that any deliberate indifference claim would be futile.

¶5        Treating Baker's motion as one seeking leave to amend his complaint, the superior court concluded his claim "is a medical negligence claim, not a deliberate indifference claim." The court dismissed the complaint without prejudice based on Baker's failure to file and serve a preliminary expert affidavit. Baker timely appealed.

## JURISDICTION

¶6        Although neither side raises the issue, we have an independent obligation to determine whether we have jurisdiction over an appeal. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). We must dismiss an appeal if we lack appellate jurisdiction. *Id*.

¶7        The superior court must dismiss a medical malpractice complaint without prejudice if, after the court has ordered compliance, the plaintiff fails to file and serve a preliminary expert affidavit. A.R.S. § 12-2603(F); *Boswell v. Fintelmann*, 242 Ariz. 52, 54-55, ¶¶ 7-8 (App. 2017). A judgment dismissing a complaint without prejudice generally is not appealable, *Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 600, ¶ 7 (App. 2016), because it does not bar the plaintiff from refiling the action, *Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464 (1967). A dismissal that technically is without prejudice can be appealable, however, if it results in finality. *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 7, ¶ 19 (App. 2018). One way it can become final is if the applicable statute of limitations period expires. *See, e.g., Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 432, ¶ 30 n.12 (App. 2016).

¶8        It is unclear from Baker's complaint whether the applicable limitations period has expired. *See* A.R.S. § 12-542 (providing a two-year statute of limitations); *Kopacz v. Banner Health*, 245 Ariz. 97, 100, ¶ 9 (App. 2018) (stating that the "discovery rule" applies to medical malpractice claims). It also is unclear whether Arizona's savings statute may apply. *See* A.R.S. § 12-504(A), (B); *Passmore v. McCarver*, 242 Ariz. 288, 291-92, ¶ 8 (App. 2017) (holding that a dismissal without prejudice for failing to serve a preliminary expert affidavit under § 12-2603 is a dismissal for lack of prosecution). But Baker did not refile his complaint or otherwise seek relief under § 12-504(A); as such, no savings statute issue is before us. We may exercise jurisdiction under A.R.S. § 12-2101(A)(3). *See Romero v. Hasan*, 241 Ariz. 385, 386, ¶ 5 (App. 2017).

**ANALYSIS**

*I.      The Superior Court Properly Dismissed Baker's Complaint.*

**¶9**           We review a dismissal for failure to serve a preliminary expert opinion affidavit *de novo*. *Boswell*, 242 Ariz. at 54, ¶ 5.

**¶10**          Baker contends, without citing to any legal authority, the superior court "could have waived the requirement of obtaining a medical professional's [a]ffidavit on the subject of Foleys and antibiotics" instead of dismissing the complaint. The law is to the contrary. After a claimant is ordered to file and serve a preliminary expert opinion affidavit and fails to do so, the court must dismiss the claim without prejudice. A.R.S. § 12-2603(F); *Boswell*, 242 Ariz. at 54, ¶ 7.

**¶11**          Baker also contends other superior court judges have waived the requirement in other lawsuits he has filed. He offered no evidence to support this contention, nor does he offer any legal authority to support such a waiver; we therefore reject it.

*II.     The Superior Court Did Not Abuse Its Discretion in Denying Leave to Amend.*

**¶12**          Baker next argues the court should have allowed him to amend his claim "from medical malpractice to medical negligence," the latter of which he contends does not require a preliminary expert affidavit. We review the denial of a motion to amend the complaint for an abuse of discretion. *Timmons v. Ross Dress For Less, Inc.*, 234 Ariz. 569, 572, ¶ 17 (App. 2014).

**¶13**          Baker did not seek to amend his complaint to allege "medical negligence." He instead sought to assert a deliberate indifference claim, which he did not raise in his opening brief on appeal. *See Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990) ("Issues not clearly raised and argued in a party's appellate brief constitute waiver of error on review."). Baker did not file a proposed amended complaint as required by Arizona Rule of Civil Procedure 15(a)(4). Nonetheless, the statutory definition of "[m]edical malpractice action" includes "an action for injury or death against a licensed health care provider based upon such provider's alleged negligence." A.R.S. § 12-561(2). Baker's claim falls within this definition, as he alleges in his opening brief that he:

> suffered from an unnecessary serious urinary tract infection
> caused by a careless doctor who installed a Foley [catheter]

4

for a long period of time <u>WITHOUT</u> prescribing an antibiotic
to prevent it[.]

Labeling these allegations as "medical negligence" instead of medical malpractice would not excuse Baker from complying with § 12-2603. *See* A.R.S. § 12-2603(H)(1) (defining a "[c]laim" for purposes of the affidavit requirement to include "a legal cause of action against a health care professional under §§ 12-561 through 12-563"); *see also Deutsche Bank Nat'l Tr. Co. v. Pheasant Grove LLC*, 245 Ariz. 325, 331, ¶ 19 (App. 2018) (stating that leave to amend "may be denied if the amendment would be futile").

### III. *Baker Fails to Show Any Bias or Prejudice.*

**¶14** Finally, Baker contends the superior court judge was prejudiced against him because he offered no assistance, citing a few federal cases to suggest that courts must assist self-represented litigants. But Arizona courts are not required to take such action. *Flynn v. Campbell*, 243 Ariz. 76, 84, ¶ 24 (2017). In any event, Baker does not specify what assistance he believes the court should have provided beyond waiving the expert affidavit requirement.

### CONCLUSION

**¶15** For the foregoing reasons, we affirm.

