NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JAMES LANGE, *Petitioner/Appellee,*

*v.*

RENE SELF, *Respondent/Appellant.*

No. 1 CA-CV 25-0094 FC

FILED 04-27-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-092831
The Honorable Gregory J. Gnepper, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Warner Angle Hallam Jackson & Formanek PLC, Phoenix
By Jerome K. Elwell, Phillip B. Visnansky, and Andrea M. Simbro
*Counsel for Petitioner/Appellee*

The Burgess Law Group, Phoenix
By Lindsi M. Weber
*Counsel for Custom Care & Financial Solutions LLC in its capacity as court-appointed Guardian for James E. Lange*

Rene Self, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

---

**G A S S**, Judge:

¶1        Renee Self appeals the superior court's order upholding the order of protection for James E. Lange, her former step-father,[1] and against her. Self makes extraneous arguments about—and asks for relief—in other cases, including Lange's guardianship proceedings. Because those matters are not before the court, it will not address them.

¶2        Because the superior court did not abuse its discretion when it upheld the order of protection after an evidentiary hearing, the court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶3        The court views the facts in the light most favorable to upholding the superior court's ruling. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 63 ¶ 2 (App. 2011).

¶4        Lange was Self's step-father for a time and she refers to him as her father. For reasons not relevant here, Lange has a court-appointed guardian. For a time, Self was his guardian, but no longer. During the relevant time, Lange's biological son served as his guardian and requested the order of protection at issue. Custom Care & Financial Solutions LLC now serves as Mr. Lange's guardian.

¶5        In October 2024, Lange's son, who was Lange's guardian at the time, petitioned for an *ex parte* order of protection on behalf of Lange against Self. The petition alleged:

> After repeated warnings from my attorney and my father's attorney to Rene with regards to trespassing on 04OCT2024

---

[1]Custom Care & Financial Solutions LLC is James E.'s court-appointed guardian, is a party to this appeal with Mr. Lange, and jointly filed an answering brief with Mr. Lange. For ease of reading, the court refers to them collectively as Lange.

Rene arrived at my father's home unannounced with a male associate and forced her way in past the caregiver on duty by pushing through the door, causing injury to the caregiver, and refused to leave after the caregiver asked her to leave the home.

¶6        The superior court granted the *ex parte* petition. Self timely requested an evidentiary hearing, which the superior court held. The superior court heard from 5 witnesses: Self, Lange, Lange's son, Cecilia Stankey (Lange's caretaker), and Wade Wells ("male associate" referenced in the petition). Following the hearing, the superior court issued an amended order of protection, affirming the original order and providing Brady provisions.

¶7        Self appealed and filed an amended opening brief after the court first dismissed her appeal for failing to file an opening brief before reinstating it in part. Self raises a total of 7 issues on appeal, but only 1 of the 7 relates to the order of protection. The other issues involve separate proceedings and are not the subject of this appeal. The following is the extent of her discussion about the order of protection in the Amended Opening Brief:

The Order of Protection Lacks Evidentiary Support, Violates Due Process, and Was Based on False Allegations and Suppressed Evidence by [Lange].

. . . .

This case arises from . . . [a]n Order of Protection entered in Superior Court Case No. FN2024-092831.

. . . .

On October 9, 2024, an Order of Protection was issued against me, based on false allegations and without opportunity to present exculpatory evidence.

**ISSUES PRESENTED FOR REVIEW**

. . . .

2.        Was the Order of Protection improperly issued without sufficient evidence, with suppression of exculpatory evidence, and contrary to James E. Lange's expressed wishes?

. . . .

**STANDARD OF REVIEW**

Order of Protection: factual findings-substantial evidence; due process---de novo (*Cardoso v. Soldo*, 230 Ariz. 614, 619 (App. 2012)).

. . . .

B.      Order of Protection Lacked Evidentiary Basis

The Order relied on false complaints to APS by Jimmy and ignored exculpatory police and documentary evidence, and most importantly the responsive investigations of APS with no finding of abuse by the accused - me. Denial of opportunity to present a defense violated due process.

**¶8**          The court has jurisdiction over Self's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21, -2101.A.5(b), and Arizona Rules of Protective Order Procedure 42(b)(2).

**DISCUSSION**

**I.      The court will not consider the transcript on appeal because Self did not file and serve it in compliance with Rule 11.1, Arizona Rules of Civil Appellate Procedure.**

**¶9**          Lange argues the court should presume the record supports the superior court's ruling because Self did not file and serve the transcript in compliance with Rule 11. Under Rule 11, Self had to "mak[e] certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (citing Ariz. R. Civ. App. P. 11(c)(1)(A)). Self also was responsible for serving a copy on the other parties. *See* Ariz. R. Civ. App. P. 11.1(d)(3) ("Within 5 days after receipt of a certified transcript from the certified reporter or authorized transcriber, the ordering party must serve a copy of the transcript on all other parties.").

**¶10**          Self neither filed nor served the transcript as required. Instead, she attached a copy of the transcript as an exhibit to her reply brief, depriving Lange the opportunity to respond in his answering brief. The transcript shows it was prepared on July 22, 2025, before Self filed her amended opening brief and before Lange filed the answering brief. Lange

thus argues the court should presume the missing transcript supports the superior court's ruling. *See Kohler v. Kohler*, 211 Ariz. 106, 108 ¶ 8 n.1 (App. 2005) (citing *Baker*, 183 Ariz. at 73 and *Johnson v. Elson*, 192 Ariz. 485, 489 ¶ 11 (App. 1998)). The court agrees.

**¶11**        Because Self did not comply with the Arizona Rules of Civil Appellate Procedure, the court does not consider the transcript on appeal. *See Auman v. Auman*, 134 Ariz. 40, 42 (1982) (declining to consider a transcript when it was "not timely filed and therefore was not available for appellee's use prior to the time her answering brief was due."). And because Self did not properly file the transcript, the court presumes the record supports the superior court's judgment. *See Kohler*, 211 Ariz. at 108 ¶ 8 n.1 (citation omitted).

## II.    Self's opening brief does not comply with Rule 13, Arizona Rules of Civil Appellate Procedure.

**¶12**        Lange argues the court further should rule Self waived her arguments on appeal because her opening brief does not conform with Rule 13, Arizona Rules of Civil Appellate Procedure. Self does not respond to the argument beyond asking the court to reach the merits.

**¶13**        "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). The court holds Self, a self-represented litigant, to the same standards as an attorney and does not afford her special leniency. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017).

**¶14**        Under Rule 13, the opening brief must set forward "a statement of the case that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction with appropriate references to the record." *Ramos*, 252 Ariz. at 522 ¶ 8 (citing Ariz. R. Civ. App. P. 13(a)(4)). The brief also must cite any legal authority and make any substantive argument. *See* Ariz. R. Civ. App. P. 13(a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). And a party waives claims by failing "to develop and support [the party's] conclusory arguments." *Boswell v. Fintelmann*, 242 Ariz. 52, 54 ¶ 7 n.3 (App. 2017).

¶15 As paragraph 7 shows, Self's opening brief does not set forth any legal grounds or identifiable arguments for reversing the superior court's order. Self's argument section addressed the sole issue regarding the order of protection in a single paragraph. As a result, Lange's answering brief could not address the merits in any meaningful way, especially with the presumption based on the missing transcript. And the reply brief at best says the evidence does not support the superior court's order so the superior court must have abused its discretion. But that argument runs contrary to the presumption based on the omitted transcript.

¶16 For the above reasons, the court considers Self to have abandoned her argument about the order of protection. *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted). Though the court could exercise its discretion to decide this appeal on its merits based on its own review of the record, "there is a limit to which judicial leniency can be stretched." *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). And failing to meet the "minimal standards of advocacy set forth in the rules of civil appellate procedure" goes beyond the judicial leniency the court can offer to a party. *Id.*

## ATTORNEY FEES AND COSTS

¶17 Lange requests attorney fees and costs on appeal under A.R.S. §§ 12-341, -341.01, -342, -349, and Rule 25, Arizona Rules of Civil Appellate Procedure. Under Rule 25, an appellate court may sanction a party if it determines that an appeal is frivolous or if a party violates the Arizona Rules of Civil Appellate Procedure. *See* Ariz. R. Civ. App. P. 25. The court exercises its discretion and grants Lange's request for attorney fees and costs under Rule 21, Arizona Rules of Civil Appellate Procedure, but denies Lange's request to impose sanctions upon Self under Rule 25, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

¶18 The court affirms.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:     JR