IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NOREEN PASSMORE and CLIFFORD PASSMORE, a married couple,
*Plaintiffs/Appellants*,

*v.*

JAMES W. MCCARVER, M.D., and PATRICIA MCCARVER, a married couple; PRESCOTT VALLEY PRIMARY AND URGENT CARE CLINIC, an Arizona business entity; ELLEN LORENZ, C.F.N.P., and RODNEY LORENZ, a married couple,
*Defendants/Appellees*.

No. 1 CA-CV 15-0420
FILED 4-6-2017

Appeal from the Superior Court in Yavapai County
No. P1300CV201401138
The Honorable David L. Mackey, Judge

**AFFIRMED**

COUNSEL

Laurence M. Berlin, Esq., Tucson
By Laurence M. Berlin
*Counsel for Plaintiffs/Appellants*

Campbell, Yost, Clare & Norell, PC, Phoenix
By Renee M. Coury, Jeffrey McLerran

Jones, Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Defendants/Appellees James W. McCarver, Patricia McCarver, and Prescott Valley Primary and Urgent Care Clinic*

Broening Oberg Woods & Wilson PC, Phoenix
By James R. Broening, Megan E. Gailey, Kevin R. Myer
*Counsel for Defendants/Appellees Ellen Lorenz and Rodney Lorenz*

---

**OPINION**

Acting Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge Patricia A. Orozco (retired) and Chief Judge Michael J. Brown joined.

---

**S W A N N**, Judge:

**¶1** The superior court dismissed appellants' medical malpractice action without prejudice for failure to serve preliminary expert affidavits under A.R.S. § 12-2603. Appellants then sought to refile the action under Arizona's "savings statute," A.R.S. § 12-504, but the court found that relief was not available under that statute and dismissed the claims with prejudice. We affirm. First, we hold that appellants were not entitled to automatic relief under § 12-504, because the original dismissal constituted a dismissal for failure to prosecute within the meaning of the statute. Second, we hold that the court did not abuse its discretion by otherwise denying relief under § 12-504.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶2** In March 2013, Noreen and Clifford Passmore ("Plaintiffs") filed a medical malpractice action against James W. McCarver, M.D., Ellen Lorenz, C.F.N.P., and Prescott Valley Primary and Urgent Care Clinic (collectively, "Defendants").[2] Concurrent with the complaint, Plaintiffs certified under A.R.S. § 12-2603(A) that "[e]xpert testimony . . . may be necessary to prove Defendants fell below the standard of care." But they did not thereafter serve preliminary expert affidavits within the time prescribed by § 12-2603(B). And though the parties later agreed to a March 2014 deadline for service of the affidavits and the court eventually

---

[1] We take judicial notice of relevant superior-court orders not included in the record on appeal. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000).

[2] Yavapai Regional Medical Center was also named as a defendant, but was later dismissed without objection.

approved the agreement, Plaintiffs failed to meet that deadline as well. Defendants then moved for dismissal.

¶3          By the time the court held oral argument in September 2014, Plaintiffs still had not provided the affidavits.   The court granted Defendants' motion to dismiss and directed them to submit a proposed form of judgment.   Defendants' proposed judgment contemplated a dismissal "with prejudice" and cited "the failure to . . . prosecute this case," an "intentional and willful failure to comply with a court order and Arizona statute," and Ariz. R. Civ. P. 41(b), which authorizes presumptive "with prejudice" dismissals for failure to prosecute or comply with rules or court orders.   Plaintiffs objected to the proposed judgment, arguing that the motion to dismiss had not mentioned Rule 41(b), that the court's order had not mentioned either Rule 41(b) or intentional or willful conduct, and that § 12-2503(F) required dismissal without prejudice.   In November 2014, the court held that Defendants' proposed judgment "exceed[ed] the scope of the Court's . . . Ruling," and ordered the claims "DISMISSED without prejudice pursuant to A.R.S. § 12-2603(F)."

¶4          Approximately two weeks later, Plaintiffs refiled their claims. Defendants filed a motion to dismiss based on the statute of limitations. Plaintiffs did not dispute that the statute of limitations had expired, but argued that the new action was automatically proper under A.R.S. § 12-504 because the original dismissal was not for lack of prosecution.   Plaintiffs also argued in the alternative that even if the dismissal was for lack of prosecution, the court should exercise its discretion under § 12-504 to permit the new action.

¶5          The court held that it "[would] not make new findings concerning [the] prior case" but "[could] not ignore the result of the prior case, given that the [same judge] was also the assigned judge" in that case. The court concluded that, "[h]aving considered all the facts and circumstances of what went on in that prior case, the Court does determine that the dismissal under [A.R.S. § 12-2603(F)] was for lack of prosecution." The court further concluded that "the exercise of discretion would not be appropriate and Plaintiffs'[ ]request for discretion for the savings of this particular case is denied."   The court dismissed the new action with prejudice.

¶6          Plaintiffs timely appeal.

## DISCUSSION

¶7        A.R.S. § 12-504 creates a remedial procedure by which plaintiffs may, in some circumstances, refile terminated actions without regard to the statute of limitations. *Janson v. Christensen*, 167 Ariz. 470, 470, 472 (1991). The statute includes a mandatory provision and a discretionary provision. *Roller Village, Inc. v. Superior Court (Dow)*, 154 Ariz. 195, 197 (App. 1987). First, § 12-504(A) provides:

> If an action is commenced within the time limited for the action, and the action is terminated *in any manner other than* by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, *the plaintiff or a successor or personal representative, may commence a new action* for the same cause after the expiration of the time so limited and within six months after such termination.

(Emphases added.) Second, § 12-504(A) provides:

> If an action timely commenced *is* terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, *the court in its discretion may provide* a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

(Emphases added.)    We interpret § 12-504(A)'s mandatory- and discretionary-relief provisions de novo. *See Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 39, ¶ 8 (App. 2012). We review the grant of a motion to dismiss and the denial of discretionary relief under § 12-504(A) for abuse of discretion. *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006); *Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 91 (App. 1993).

I.    PLAINTIFFS WERE NOT ENTITLED TO AUTOMATIC RELIEF UNDER § 12-504(A), BECAUSE THE DISMISSAL OF THE ORIGINAL ACTION UNDER § 12-2603 WAS A DISMISSAL FOR FAILURE TO PROSECUTE.

¶8        Plaintiffs first contend that they were entitled to refile as a matter of right under § 12-504(A) because their initial action was dismissed in a "manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits." Specifically, they

contend that a dismissal without prejudice under § 12-2603(F) is not equivalent to a dismissal for lack of prosecution. We hold that when a case is dismissed for failure to serve a preliminary expert affidavit under § 12-2603, the dismissal is for lack of prosecution.

¶9　　　　The superior court has discretion to dismiss cases that are not diligently prosecuted. *Cooper v. Odom*, 6 Ariz. App. 466, 469 (1967); *see also* Ariz. R. Civ. P. 41(b). "Mere delay can be the basis of dismissal." *Cooper*, 6 Ariz. App. at 469. Failure to serve the preliminary affidavit required by § 12-2603 is an unambiguous form of delay. Section 12-2603 seeks to "curb frivolous medical malpractice lawsuits by imposing a stricter standard of pleading and setting deadlines for the early involvement of the plaintiff's expert witnesses." *Gorney v. Meany*, 214 Ariz. 226, 229, ¶ 8 (App. 2007). To that end, the statute defines specific tasks that must be completed by specific deadlines to prosecute claims against health care professionals, along with specific procedures whereby plaintiffs may obtain extensions of time and opportunities to cure deficiencies. *See* A.R.S. § 12-2603(A)–(C), (F). Accordingly, a dismissal for failure to comply with the statute's directive to serve a preliminary affidavit is a dismissal for failure to prosecute. Plaintiffs' second action therefore did not fall within the scope of § 12-504's mandatory-relief provision — without regard to whether the court had firsthand knowledge of the original action.

¶10　　　　The court's ruling did not, as Plaintiffs contend, create "new findings re[garding] the original case." The court simply recognized the legal effect of the first judgment. And contrary to Plaintiffs' contention, the fact that the court rejected Defendants' proposed form of judgment in the first action does not compel a different outcome. The procedural history regarding the proposed form of judgment in the first action reflects that the court correctly declined to apply Rule 41(b)'s presumption of dismissals with prejudice in view of § 12-2603(F)'s prescription of dismissals without prejudice. *See* Ariz. R. Civ. P. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."); *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 323, ¶ 20 (App. 2008) (holding that § 12-2603 "does not contemplate dismissal with prejudice as a sanction for a deficient preliminary affidavit"). The procedural history does not suggest that the dismissal was for any reason other than Plaintiffs' failure to serve preliminary expert affidavits and thereby prosecute their case.

## II. THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION BY DENYING DISCRETIONARY RELIEF UNDER § 12-504(A).

¶11    Plaintiffs next contend that they were entitled to relief under § 12-504(A)'s discretionary provision. The record supports the superior court's denial of relief.

¶12    "[T]he very nature of the discretionary portion of [§ 12-504(A)] requires a case-by-case application and evaluation." *Jepson v. New*, 164 Ariz. 265, 271 (1990). The standard "must be flexible" and "must ensure that the statute is not misused as a safe haven for the dilatory and a loophole through which parties may avoid the applicable rules of practice and procedure." *Id.* In deciding how to exercise its discretion under the statute, the court must consider several factors: "whether the plaintiff acted reasonably and in good faith, whether he prosecuted his case diligently and vigorously, whether a procedural impediment exists which affects his ability to file a second action, and whether either party will be substantially prejudiced." *Id.* at 272 (citation omitted). The plaintiff bears the burden to show entitlement to relief. *Id.*

¶13    The record shows that Plaintiffs failed to file any affidavits under § 12-2603 even after obtaining a significant extension of time. Plaintiffs' primary explanation for the delinquency was that they had difficulty determining the specialty of the expert who should opine as to McCarver's standard of care, and had difficulty communicating with their chosen expert regarding Lorenz's standard of care, first because Plaintiffs' counsel's office flooded and later because the expert relocated. It was within the court's discretion to find those explanations insufficient to justify a conclusion that Plaintiffs acted reasonably and in good faith, especially in view of the length of the delay and Plaintiffs' failure to comply with the stipulated extension. Further, it was within the court's discretion to find that the prejudice caused to Plaintiffs by denying relief under § 12-504 was outweighed by the prejudice that Defendants would suffer were the claims allowed to move forward in view of the extreme and unjustified delay. *See Jepson*, 164 Ariz. at 274 ("[A]lthough the case is now barred by the statute of limitations and in balancing the prejudice in that regard it appears that the hardship is greatest upon [the plaintiff], all factors must be considered together."). Considering the totality of the circumstances, the court reasonably concluded that Plaintiffs failed to meet their burden to show entitlement to relief under the savings statute.

## CONCLUSION

¶**14**        For the foregoing reasons, we affirm the court's judgment dismissing Plaintiffs' claims with prejudice.



AMY M. WOOD • Clerk of the Court
FILED:  AA