397 P.3d 361

**Patricia L. WILLIAMSON, Plaintiff/Appellant,**

v.

**Kevin J. O'BRIEN, DPM, Defendant/Appellee.**

No. 1 CA-CV 16-0159

Court of Appeals of Arizona, Division 1.

FILED 5/16/2017

Patricia L. Williamson, Lake Havasu City, Plaintiff/Appellant

Broening Oberg Woods & Wilson, PC, Phoenix, By James R. Broening, Michelle L. Donovan, Kevin R. Myer, Counsel for Defendant/Appellee

Presiding Judge Randall M. Howe delivered the opinion of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

## OPINION

HOWE, Judge:

¶ 1 Patricia L. Williamson appeals the trial court's order dismissing her medical malpractice action with prejudice for failure to serve a preliminary expert opinion affidavit as A.R.S. § 12–2603 requires. For the following reasons, we affirm the judgment as modified to reflect that the dismissal is without prejudice.

## FACTS AND PROCEDURAL HISTORY

¶2 In October 2013, Williamson filed a medical malpractice action against Kevin J. O'Brien, DPM, stemming from a podiatry surgery. Williamson did not certify whether an expert opinion was necessary to prove her claim as A.R.S. § 12–2603(A) requires.

¶3 O'Brien moved for an order compelling Williamson to serve a preliminary expert opinion affidavit in compliance with A.R.S. § 12–2603. The trial court determined that expert testimony was necessary to prove Williamson's claim and ordered her to serve a preliminary expert opinion affidavit. Williamson did not comply with the order, so O'Brien moved for dismissal. Williamson then requested additional time to comply with the order, which the court granted. The trial court told Williamson that "if you fail to comply with the court's order by October the 6th, 2014, and that if the defendant moves to dismiss this lawsuit with prejudice ... you can anticipate that the court will grant that motion to dismiss and your case will be over."

¶4 Before the extended deadline, Williamson filed a document titled "Order–Medical Expert Affidavit" that contained almost 70 pages of medical records purporting to be a medical expert affidavit by Ronald Killian, DPM. The trial court acknowledged that Williamson filed the document but stated that it "takes no action." O'Brien again moved for dismissal arguing that the document Williamson submitted did not meet A.R.S. § 12–2603(B)'s requirements. The court dismissed the complaint with prejudice and entered judgment in favor of O'Brien for costs.

¶5 After the trial court entered an order containing finality language pursuant to Arizona Rule of Civil Procedure ("Rule") 54(c), Williamson timely appealed.

## DISCUSSION

¶6 We review de novo dismissal for a failure to serve a preliminary expert opinion affidavit required by A.R.S. § 12–2603. *Romero v. Hasan*, 241 Ariz. 385, 386 ¶ 6, 388 P.3d 22, 23 (App. 2017). We discern Williamson's arguments as best we can and consider only those that are adequately supported. *In re Aubuchon*, 233 Ariz. 62, 64–65 ¶ 6, 309 P.3d 886, 888–89 (2013). Unsupported arguments are considered waived. *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62, 211 P.3d 1272, 1289 (App. 2009).

¶7 To the extent Williamson argues that the court improperly granted dismissal because it overlooked the "affidavit" she filed, we reject her argument. Before dismissing the action, the court acknowledged receiving the document titled "Order–Medical Expert Affidavit," but expressly stated that it took no further action.

¶8 Additionally, if Williamson's argument is that the purported "affidavit" containing medical records was sufficient to comply with A.R.S. § 12–2603, we likewise reject her argument. Section 12–2603 requires that the expert affidavit contain the expert's qualifications, the factual basis for each claim, the acts or omission that allegedly deviated from the standard of care resulting in liability, and the manner in which the deviation caused harm. A.R.S. § 12–2603(B)(1)–(4). The purported "affidavit" Williamson filed is nothing more than a copy of medical records. Section 12–2603 does not provide for use of medical records in lieu of serving the preliminary expert opinion affidavit containing the requisite information.

¶9 Section 12–2603(F) requires that the trial court dismiss a claim when the claimant fails to file and serve a preliminary expert opinion affidavit after the court has ordered compliance. Because Williamson failed to comply with the order to serve the affidavit, the court appropriately dismissed her claim.

¶10 However, the statute does not authorize dismissals with prejudice. *Sanchez v. Old Pueblo Anesthesia, P.C.*, 218 Ariz. 317, 323–24, ¶¶ 20–26, 183 P.3d 1285, 1291–92 (App. 2008). Although O'Brien correctly asserts that Rule 37(b)(2) authorizes dismissal for the failure to comply with a court order, that rule pertains to discovery sanctions and does not authorize dismissals with prejudice for failure to comply with A.R.S. § 12–2603. Ariz. R. Civ. P. 37(b)(2)(A)(v). A dismissal under A.R.S. § 12–2603 is not a sanction for a discovery violation, but a substantive pleading failure, *Boswell v. Fintelmann*, 242 Ariz.

**430**

52, 54 ¶ 5, 392 P.3d 496, 498 (App. 2017), because the statute is "meant to certify that the action ... is not meritless," *Jilly v. Rayes*, 221 Ariz. 40, 43 ¶ 6, 209 P.3d 176, 179 (App. 2009).

¶ 11 We acknowledge, however, that another panel of this Court has held that a dismissal under A.R.S. § 12–2603 is for failure to prosecute. *See Passmore v. McCarver*, 1 CA–CV 15–0420, 242 Ariz. 288, 395 P.3d 297, 300–01, 2017 WL 1279028 at *2 ¶ 8 (Ariz. App. Apr. 6, 2017). In so holding, *Passmore* relies on *Gorney v. Meany* for the proposition that A.R.S. § 12–2603 seeks to curb frivolous lawsuits by "setting deadlines for the early involvement of the plaintiff's *expert witness*." 214 Ariz. 226, 229 ¶ 8, 150 P.3d 799, 802 (App. 2007) (emphasis added). But interpreting *Gorney* to require the early involvement of a plaintiff's expert witness for purposes of A.R.S. § 12–2603—as *Passmore* does—would conflict with our supreme court's rulemaking authority as discussed in *Jilly. See Jilly*, 221 Ariz. at 42–43 ¶ 6, 209 P.3d at 178–79. In *Jilly*, we found that A.R.S. § 12–2603 did not violate our supreme court's rulemaking authority because it referred to "preliminary" expert opinions and not the "expert at trial." *Id.* at ¶¶ 6–7. *Gorney* therefore does not support *Passmore*'s view.

¶ 12 Accordingly, because an A.R.S. § 12–2603 dismissal is a substantive pleading failure, and not a sanction for a discovery violation or a failure to prosecute, the court erred by dismissing Williamson's claim with prejudice. This error does not necessitate that the judgment be vacated, however. We may modify the judgment to reflect that it is without prejudice to refile if Williamson can obtain the appropriate affidavit. *See Boswell*, 242 Ariz. at 55 ¶ 9, 392 P.3d at 499.

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm the judgment as modified to reflect that the dismissal is without prejudice.