NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PENNY PRESZLER,
*Plaintiff/Appellant,*

*v.*

CORWIN D. MARTIN PC, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 20-0659
FILED 1-20-2022

Appeal from the Superior Court in Maricopa County
No.  CV2015-050606
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

The Kozub Law Group, PLC, Phoenix
By Richard W. Hundley
*Counsel for Plaintiff/Appellant*

Kent & Wittekind, P.C., Phoenix
By Richard A. Kent, Callie P. Maxwell
*Co-Counsel for Defendants/Appellees*

Melinda K. Cekander, PLLC, Libby, Montana
*Co-Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Kent E. Cattani joined.

---

**T H U M M A,** Judge:

**¶1** Plaintiff Penny Preszler appeals from the dismissal of her dental malpractice claim against defendants Dr. Corwin D. Martin, PC, and Dr. Corwin Martin (collectively Martin) for failure to designate and disclose a qualified standard of care expert as required by Arizona Revised Statutes (A.R.S.) §§ 12-2603 and -2604 (2022).[1] Preszler also challenges an award of expenses against her for costs incurred when a previous expert she had disclosed withdrew. Because Preszler has shown no error, the final judgment reflecting this relief is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** Martin performed dental implant surgery on Preszler in February 2012. Preszler claims numbness in her face and mouth after the surgery.

**¶3** In December 2015, Preszler filed this malpractice action against Martin, certifying that expert witness testimony was required under A.R.S. § 12-2603. Because Martin is a board-certified specialist, such expert opinion testimony could only be provided by someone with the same specialty and certified in the same specialty. The court found Preszler's claim was time-barred, a summary judgment ruling reversed on appeal and not at issue here. What is dispositive here is Preszler's attempts to disclose a qualified standard of care expert.

**¶4** In November 2016, Preszler disclosed her first standard of care expert. After the conclusion of the prior appeal, the superior court set new deadlines, including May 2019 for expert disclosures. In May 2019, Preszler withdrew her first expert and disclosed a new expert. Martin later asked the court to shift expenses incurred in discovery regarding this

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

withdrawn expert. Granting that request in part, the court awarded Martin $19,279.05 for expenses incurred in discovery related to Preszler's first expert, representing $10,900 in expert expenses and the remainder in attorneys' fees and expenses.

¶5        In December 2019, when Preszler's second standard of care expert withdrew, Martin stipulated that Preszler would have 30 days to disclose a new expert. When she failed to do so, Martin moved to dismiss based on Preszler's failure to disclose a proper standard of care expert. Preszler responded that she retained Dr. Jeffrey D. Miller as her expert. Accordingly, the court denied the motion to dismiss but required Preszler to make a proper disclosure for Miller within 30 days. When Preszler disclosed Miller's qualifications and an affidavit, Martin filed another motion to dismiss. Martin argued that Miller was not a qualified expert under A.R.S. § 12-2604, noting Miller is board certified in periodontia, while Martin is board certified in oral and maxillofacial surgery.

¶6        Because Miller was not board certified in the same specialty, the court found he was not a qualified expert for Preszler's claim. The court gave Preszler additional time to disclose a qualified standard of care expert. When Preszler failed to do so, the court dismissed the case without prejudice. *See* A.R.S. § 12-2603(F) (on motion for failure to comply with § 12-2604, the court "shall dismiss the claim . . . without prejudice").

¶7        The resulting final judgment reflects the dismissal and the expenses awarded to Martin. This court has jurisdiction over Preszler's timely appeal. *See, e.g.*, Ariz. Const. Art. 6 § 9; A.R.S. §§ 12-120.21(A)(1), -2101(A)(1); *Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 284 (2009); *Passmore v. McCarver*, 242 Ariz. 288 (App. 2017).

## DISCUSSION

### I.        Preszler Has Not Shown the Superior Court Misapplied A.R.S. §§ 12-2603 and -2604.

¶8        This court reviews a determination of an expert's qualifications for an abuse of discretion, with statutory interpretation issues reviewed de novo. *See Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387 ¶ 30 (2013); *Shepard v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021). Preszler was required to disclose a proper standard of care expert, including an affidavit describing "[t]he expert's qualifications to express an opinion on the health care professional's standard of care or liability for the

claim." A.R.S. § 12-2603(B)(1). The required qualifications are specified in A.R.S. § 12-2604.

¶9 Given Martin's qualifications, Preszler's standard of care expert was required to (1) "specialize[] at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty" as Martin and (2) "be a specialist who is board certified in [Martin's] specialty or claimed specialty." A.R.S. § 12-2604(A)(1). Because Martin and Miller had different board certifications, the superior court found Preszler failed to disclose a qualified standard of care expert. On appeal, Preszler argues (1) "no facts" support the superior court's conclusion and the facts presented disproved the court's reasoning; (2) "an evidentiary hearing should have been held" and (3) Section 12-2604 and the cases applying it "do not resolve how a court should act when the procedure at issue, the dental implant surgery, is not subject to its own specialty but there are two Board Certified specialties equally qualified to perform the procedure."

¶10 The record before the superior court included the qualifications for both Miller and Martin. That record showed Martin was a board-certified specialist in oral and maxillofacial surgery, but that Miller was not. Although Miller was board certified in periodontics, Preszler conceded in her response to Martin's motion to dismiss that "[t]here is a distinction between a Board Certified oral and maxillofacial surgeon and a Board Certified periodontist." These record facts adequately support the superior court's reasoning. In addition, the record shows no request by Preszler that the court hold an evidentiary hearing. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) ("[A]rguments raised for the first time on appeal are untimely and deemed waived.").

¶11 In applying A.R.S. § 12-2604(A)(1), both parties agree *Baker v. Univ. Physicians Healthcare* provides the analysis. 231 Ariz. 379 (2013). *Baker* held that, where a medical provider is or claims to be a specialist, the superior court must first determine whether the care or treatment at issue involves an identified specialty (including recognized subspecialties). *Id.* at 386 ¶ 27. If so, the testifying expert must share the same specialization. *Id.* Similarly, if the treating physician is board certified within that specialty, the testifying expert must be board certified in that same specialty. *Id.* In *Baker*, the defendant physician was a board-certified specialist in pediatric hematology-oncology, while plaintiff's expert was a board-certified specialist in hematology and medical oncology. *Id.* at 382 ¶ 3. *Baker* found those differences meant that plaintiff's expert was not qualified under Section 12-2604. *Id.* at 387 ¶ 29. As a result, *Baker* affirmed the dismissal of

the case, because without expert testimony, the plaintiff lacked the required evidence to establish the standard of care and causation. *Id.*

¶12     Applying *Baker* here, Section 12-2604 "require[s] a testifying expert to be board certified in the same specialty as [Martin] if [Martin] was practicing within that specialty while providing the treatment at issue." *Id.* at 387 ¶ 31. This is true "even if physicians in other specialties might also have competently provided the treatment." *Id.* Preszler's procedure involved dental implant surgery performed by Martin, a board-certified specialist in oral and maxillofacial surgery. Accordingly, Preszler was required to disclose an expert who was a "specialist" and "who is board certified in that specialty or claimed specialty." *Id.* at 386 ¶ 27. Because Preszler did not do so, the superior court properly found she failed to comply with the statute and dismissed her claim.

¶13     Preszler argues that *Baker* relaxed the requirements of A.R.S. § 12-2604 by rejecting formal distinctions, meaning Miller qualified as a proper expert witness. *Baker*, however, did not negate or relax the statutory requirements. Instead, *Baker* reinforced the plain meaning of the statute by "requiring that a testifying expert specialize 'in the same specialty or claimed specialty' as the treating physician when the care or treatment at issue was within that specialty." *Id.* at 384 ¶ 14. *Baker* defined "specialty" as "practice areas in which a physician may obtain board certification." *Id.* at 385 ¶ 21. *Baker* added that the statute's goal is to ensure that "experts have qualifications and experience comparable to the physician whose conduct is at issue." *Id.* at 386 ¶ 24. Although *Baker* said the testifying expert was not required to have "identical certifications," it did require that the testifying expert "be certified in the specialty at issue in the particular case." *Id.* at 387 ¶ 28. *Baker* clearly requires that a testifying expert be certified in the same specialty, even if physicians in other specialties might have competently provided the same treatment. *Id.* at 387 ¶ 31. Contrary to Preszler's argument, *Baker* did not relax the statutory requirements.

¶14     Preszler argues that Miller was qualified to perform, and had performed, dental implant surgeries without the board certification Martin obtained. She also argues that dental implant surgery falls outside the oral and maxillofacial surgery specialty. This, she claims, means Miller was qualified to testify on the standard of care for her surgery. But these arguments do not account for the requirement that Miller have the specialization and certification akin to what Martin had obtained. *See Baker*, 231 at 387 ¶ 31. Even though Preszler asserts that a periodontist and oral and maxillofacial surgeon could have treated Preszler, Martin was practicing within his board-certified specialty of oral and maxillofacial

surgery at the time he rendered treatment to Preszler. And as noted in Martin's answering brief, the American Association of Oral and Maxillofacial Surgeons provides that "proper diagnosis, treatment, site preparation, (including the reconstruction of bone and soft tissues), and maintenance" of dental implants falls within the scope and practice of oral and maxillofacial surgery. Accordingly, Section 12-2604 required Miller to be certified in that same specialty, even though Miller might also have competently provided the treatment. *Id.* at 387 ¶ 31. On this record, the court did not err in applying Section 12-2604 or in dismissing Preszler's claim. A.R.S. § 12-2603(F); *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164-65 ¶¶ 22-24 (2017) (if expert disclosure does not comply with A.R.S. §§ 12-2603 and -2604, dismissal without prejudice is required by A.R.S. § 12-2603(F)).

## II. Preszler Has Shown No Error In the Court's Shifting Expert Discovery Expenses.

¶15 Preszler argues the court erred in awarding Martin expenses incurred in discovery related to Preszler's first expert, who later withdrew. Preszler asserts the award is contrary to Arizona Rule of Civil Procedure 37(h) and that the court abused its discretion in making the award. This court reviews the authority to make such an award de novo, and the amount of such an award for an abuse of discretion. *Roberts v. City of Phoenix*, 225 Ariz. 112, 119 ¶ 24 (App. 2010).

¶16 The superior court has broad discretion to "make any order to require or prohibit disclosure or discovery to achieve proportionality . . . including without limitation . . . entry of any order allocating the costs, expenses, and attorney's fees of discovery or disclosure among the parties as justice requires." Ariz. R. Civ. P. 37(h). Preszler argues this discretion is limited to "[t]imely and full compliance" with disclosure and discovery, and there was no claim she failed to comply with the rule, meaning the court's order violated Rule 37(h). The "timely and full compliance" reference in Rule 37(h), however, is a prefatory phrase that does not limit the remaining provisions of the rule. Rule 37(h) affords a court broad discretion in shifting and awarding fees and costs to achieve proportionality. Ariz. R. Civ. P. 37(h) ("the court may make any order . . . to achieve proportionality . . . including without limitation" shifting fees and costs "as justice requires"). On this record, Preszler has failed to show shifting expert discovery expenses under Rule 37(h) was error.

**¶17** Similarly, Preszler has not shown the superior court abused its discretion in the award issued. Three years after Preszler disclosed her first expert witness, that expert withdrew. Martin claimed substantial expenses relating to discovery addressing Preszler's first expert, which were no longer beneficial given his withdrawal, and asked the court to shift to Preszler nearly $27,000 in expenses. After considering that request, the court found that nearly $8,000 of that request should not be shifted, awarding Martin $19,279.05. Preszler has not shown that the expenses awarded to Martin were unreasonable or disproportionate to the time and costs expended regarding the withdrawn expert.

**¶18** Although Preszler argues the court should have reduced certain aspects of the award as inevitable or duplicative, she has not shown that the court abused its discretion in ruling on the request. Nor has she shown the court could not shift expenses Martin incurred in challenging her expert's disclosure. Finally, Preszler has not shown that the court failed to address proportionality under Rule 37(h) in issuing the award. On this record, Martin has not shown the court improperly exercised its discretion in making the award.

## CONCLUSION

**¶19** The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

7