NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SHILOH PARKER, *Plaintiff/Appellant*,

*v.*

ERNEST THOMAS MEEKS, *Defendant/Appellee*.

No. 1 CA-CV 25-0549
FILED 06-05-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-026863
The Honorable Timothy J. Ryan, Judge (*Retired*)

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**

COUNSEL

Shiloh Parker, Sacramento, CA
*Plaintiff/Appellant*

Jones, Skelton & Hochuli P.L.C., Phoenix, AZ
By Sanford K. Gerber, Jennifer M. Martin, and Luan Gurra
*Counsel for Defendant/Appellee*

―――――――――――――――――

**MEMORANDUM DECISION**

Acting Presiding Judge Veronika Fabian delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge James B. Morse Jr. joined.

―――――――――――――――――

**F A B I A N**, Judge:

¶1 Shiloh Parker appeals the dismissal of her complaint against Ernest Thomas Meeks and subsequent award of attorney fees and costs against her. This Court affirms the dismissal and award of costs but vacates the fee award and remands.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Parker and Meeks were involved in an automobile accident on January 22, 2022. That accident spawned two cases. Only one of the cases is the basis for this appeal, but the background of both will be provided for context.

### Case 1

¶3 In January of 2023, Parker filed a complaint for damages against Meeks in superior court (Case No. CV2023-050155) ("Case 1"). Parker and Meeks engaged in litigation over the next 20 months. Dissatisfied with the judge, Parker sought reassignment for cause. When a new judge was not assigned, Parker moved to dismiss her case voluntarily.

### Case 2

¶4 On September 25, 2024—just one day before moving to dismiss Case 1—Parker filed a new complaint for damages against Meeks in superior court (Case No. CV2024-026863) ("Case 2"). The complaint was based on the same accident as Case 1 and both complaints included the same causes of action and prayers for relief. Parker then purported to serve Meeks via process on October 29, 2024. When Meeks did not file a response within 30 days, Parker applied for entry of default. Meeks opposed the application based on improper service and filed a separate motion for a stay until Case 1 was dismissed.

¶5 The court denied Parker's application for entry of default because she did not mail a copy to Meeks's attorney. At a status conference,

Meeks's counsel informed the court that Case 1 had been resolved and that he intended to file a motion to dismiss in Case 2. The court orally found that Meeks had made good faith efforts to meet and confer.

**¶6** Meeks filed a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., but did not include a good faith consultation certificate as required by subsection (j). In response, Parker argued the motion to dismiss was untimely and improper since it lacked the consultation certificate. The court granted Meeks's motion to dismiss.

**¶7** Meeks then applied for attorney fees and costs. In July of 2025, the court entered final judgment awarding Meeks fees under A.R.S. § 12-349 and costs under A.R.S. § 12-341.

**¶8** Parker timely appealed. This Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1).

## DISCUSSION

### I. The Court Did Not Err in Granting Meeks's Motion to Dismiss.

**¶9** Parker argues the court erred in granting Meeks's motion to dismiss because: 1) it was filed more than 20 days after Parker's complaint was served; 2) it did not include a good faith certificate; 3) the court lacked jurisdiction to adjudicate Meeks's motion; 4) the court did not specify the legal and factual basis for its judgment; and 5) the court abused its discretion by declining to toll the statute of limitations. "Dismissal of a complaint under Rule 12(b)(6) is reviewed de novo." *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

### A. Defendant's Motion Was Timely.

**¶10** Parker argues Defendant's motion to dismiss was untimely because it was filed more than 20 days after service of the complaint.

**¶11** Under Arizona Rule of Civil Procedure 12(a)(1)(A)(i), "a responsive pleading" must be filed "within 20 days after being served with the summons and complaint." A motion to dismiss, however, is not a responsive pleading. *See In re $70,070 in U.S. Currency*, 236 Ariz. 23, 27 ¶ 11 (App. 2014); *Graham v. Goodyear Aerospace Corp., Ariz. Div.*, 120 Ariz. 275, 277 (App. 1978). Instead, a Rule 12(b)(6) motion can be raised at nearly any point in litigation, including at trial. Ariz. R. Civ. P. 12(h)(2).

3

¶12 Here, Meeks did not file a responsive pleading, he filed a motion to dismiss. The 20-day clock for a responsive pleading simply does not govern such motions. Meeks's motion to dismiss was not untimely.

### B. Under the Circumstances, Failure to Attach a Consultation Certificate Was Harmless.

¶13 Parker argues that the court erred in dismissing her complaint because Meeks did not file a good faith consultation certificate with his motion.

¶14 Rule 12(j), Ariz. R. Civ. P., requires that a "good faith consultation certificate complying with Rule 7.1(h)" must accompany a 12(b)(6) motion to dismiss. A "good faith consultation certificate" is "a separate statement certifying and demonstrating that the movant has tried in good faith to resolve the issue by conferring with—or attempting to confer with—the party or person against whom the motion is directed." Ariz. R. Civ. P. 7.1(h).

¶15 However, Rule 12(j) does not prescribe a consequence for noncompliance. And Parker cites no authority—nor was this Court able to find any—holding that a trial court must deny an otherwise meritorious motion merely because no certificate was attached. In fact, relevant authority cuts the other direction. Under Rule 61, Ariz. R. Civ. P., courts "must disregard all errors and defects that do not affect any party's substantial rights." When a party has "shown no prejudice and merely demand[s] compliance with a technical rule," any error is harmless. *Creach v. Angulo*, 189 Ariz. 212, 216 (1997).

¶16 Meeks's motion did not include a good faith consultation certificate. But Parker does not argue that she was prejudiced and no prejudice appears from the record. At the status conference, Meeks informed the court that he had been unsuccessfully trying to meet and confer with Parker. In response, the court found that Meeks had engaged in good faith efforts to meet and confer and that any consultation would likely be futile. Under these circumstances, requiring Meeks to file a certificate restating what the court had already found on the record would have been an empty formality and any error was harmless. *See id.*

¶17 Parker's argument that the court lacked jurisdiction because it was untimely and lacked a good faith consultation certificate fails for the same reasons.

### C.     The Court Was Not Required to Make Specific Legal or Factual Findings.

¶18         Parker argues the court's order was legally deficient because it lacked supporting legal or factual findings. This Court reviews interpretation of court rules *de novo*. *Gonzalez v. Nguyen*, 243 Ariz. 531, 533 ¶ 8 (2018). Parker provides no legal support for her argument. And neither Rule 7.1, which sets forth the requirements for ruling on motions, nor Rule 58, which governs entry of judgment, requires the court to provide specific findings of fact and law when entering a judgment. *See* Ariz. R. Civ. P. 7.1; Ariz. R. Civ. P. 58. Thus, Parker's argument fails.

### D.     There Was No Basis for Tolling the Statute of Limitations.

¶19         Parker's final argument is that the court erred by declining to toll the statute of limitations for Case 2 and that this Court should reinstate the case under A.R.S. § 12-504. This argument is without merit.

¶20         As an initial matter, if Parker wanted § 12-504 to save her voluntarily dismissed complaint, she needed to ask in Case 1 and not Case 2. *See* A.R.S. § 12-504(A) ("If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, *the [trial] court in its discretion* may provide a period for commencement of a new action for the same cause . . . .") (emphasis added). Parker never made this request in Case 1. Even if she had, the superior court had the discretion to deny Parker relief. *See Passmore v. McCarver*, 242 Ariz. 288, 292 ¶ 12 (App. 2017) ("In deciding how to exercise its discretion under [A.R.S. § 12-504(A)], the court must consider several factors [including] whether the plaintiff acted reasonably and in good faith." (citation modified)).

¶21         Next, Parker claims that *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021), held that a motion to dismiss based on a statute of limitations cannot be decided at the pleading stage. She does not provide a page cite for this 133-page case, nor could this Court find the claimed holding. Regardless, under Arizona law, a motion to dismiss based on a statute of limitations defense may be decided at the pleading stage. *See Republic Nat'l Bank of N.Y. v. Pima Cnty.*, 200 Ariz. 199, 204 ¶ 20 (App. 2001) (the "affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred").

¶22         Turning to the equitable tolling argument, this Court reviews a superior court's application of equitable tolling involving a mix of law

and fact for an abuse of discretion. *McCloud v. State, Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 86-87, 89 ¶¶ 10, 17 (App. 2007).

**¶23** The doctrine of equitable tolling is an uncommon remedy. It "should be used only sparingly" and in "extraordinary circumstances." *Id.* at 88-89 ¶¶ 16-20. It allows a plaintiff to sue "after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Id.* at 87 ¶ 11 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). When requesting equitable tolling, it is the burden of the party opposing the statute of limitations defense to provide evidence that the statute be tolled. *Id.* at 85, 87 ¶¶ 8, 13.

**¶24** Parker has not met her burden. She does not allege "extraordinary circumstances" in any of her pleadings that warrant tolling the statute of limitations. A tactical decision to dismiss one case to seek a different judge does not constitute an "extraordinary circumstance" warranting equitable tolling. Although Arizona courts disfavor motions to dismiss based on the statute of limitations, such motions will be granted when the claims in the complaint "are clearly brought outside the relevant limitations period." *Montano v. Browning*, 202 Ariz. 544, 546 ¶ 4 (App. 2002). Such is the case here. Any harm to Parker's right to seek relief is self-inflicted. The court did not err by denying Parker's request for equitable tolling.

## II. The Court Erred in Awarding Attorney Fees Without Specifying the Reasons for the Award.

**¶25** Parker also argues the court improperly awarded attorney fees and costs under A.R.S. § 12-349(A) without setting forth the express reasons for the award.

**¶26** A.R.S. § 12-349(A) authorizes a court to assess reasonable attorney fees against a party who: 1) brings or defends a claim without substantial justification; 2) brings or defends a claim solely or primarily for delay or harassment; 3) unreasonably expands or delays the proceeding; or 4) engages in abuse of discovery. When awarding fees under § 12-349, the court must "set forth the specific reasons for the award." A.R.S. § 12-350. "The purpose of this requirement is to assist the appellate court on review." *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 421 ¶ 28 (App. 2010). Thus, the findings "need only be specific enough to allow an appellate court to test the validity of the judgment." *Id.* (quoting *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243 (App. 1997)) (citation modified). The findings need

not take any particular form and may be established by reference to earlier court orders. *See Phx. Newspapers*, 188 Ariz. at 243.

¶27 This Court reviews the application of §§ 12-349 and 12-350 *de novo*, viewing "the evidence in a manner most favorable to sustaining the award" and affirming "unless the trial court's finding . . . is clearly erroneous." *Id.*; *see also Bennett*, 223 Ariz. at 422 ¶ 31.

¶28 Here, the court's signed judgment awarded Meeks the full amount of his requested fees but did not identify which subsection of § 12-349(A) supported the award. Nor did it list any of the factors specified in § 12-350. Although the judgment stated that fees were awarded "pursuant to" Meeks's application, it does not state that it relies on any of the reasons set forth in that application. Because the court did not identify the specific reasons for its award, this Court cannot affirm it. *See Ariz. Republican Party v. Richer*, 257 Ariz. 237, 250-51 ¶¶ 47-48 (2024). The award of costs, however, is affirmed as it was awarded under A.R.S. § 12-341, which makes the award mandatory to the successful party.

¶29 Accordingly, this Court vacates the award of attorney fees. On remand, if the superior court wishes to reinstate the fee award, it must set forth specific reasons as required by A.R.S. § 12-350.

## III.    Fees and Costs on Appeal

¶30 Both Parker and Meeks request attorney fees incurred on appeal. This Court declines to award Parker any fees because she represented herself. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC,* 235 Ariz. 125, 126 ¶ 5 (App. 2014).

¶31 Meeks requests fees, costs, and sanctions pursuant to A.R.S. § 12-349(A)(1), (3) and Arizona Rule of Civil Appellate Procedure 25. Under § 12-349(A)(1), a court "shall assess reasonable attorney fees" against a party who "[b]rings or defends a claim without substantial justification." "[W]ithout substantial justification" means "that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F). Thus, a showing of both groundlessness and absence of good faith must exist. *See Richer*, 257 Ariz. at 247-49 ¶¶ 34-40. The party seeking attorney fees under § 12-349 bears the burden of establishing entitlement by a preponderance of the evidence. *In re Est. of Stephenson*, 217 Ariz. 284, 289 ¶ 28 (App. 2007).

¶32 Meeks argues an award of fees is appropriate because Parker's opening brief is "entirely without substantial justification." Although some of Parker's arguments were admittedly weak, she did

prevail on the question of whether the trial court complied with A.R.S. § 12-350 when awarding attorney fees. More importantly, Meeks does not make an argument as to why Parker's appeal was in bad faith. Thus, Meeks has not satisfied his burden with respect to the absence of good faith, a prerequisite to an award of sanctions under A.R.S. § 12-349(A)(1).

**¶33** Meeks also argues that fees should be awarded under § 12-349(A)(3) because Parker's pursuit of an appeal that "lacks substantial justification has unquestionably expanded the proceedings, mandating fees under § 12-349(A)(3)." Meeks ties his argument to the lack of "substantial justification," which, as explained above, requires a showing of absence of good faith. Because Meeks makes no independent argument as to why fees are appropriate under A.R.S. § 12-349(A)(3), this Court does not award fees for the same reasons as explained above. This Court also, in its discretion, declines to award Meeks fees under Arizona Rule of Civil Appellate Procedure 25.

**¶34** However, as the successful party on the dismissal, Meeks is entitled to his costs on appeal, A.R.S. § 12-341, upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See Henry v. Cook*, 189 Ariz. 42, 43 (App. 1996) (holding that a party "who succeeds on less than all claims is sufficiently successful to recover costs under [A.R.S. § 12-341]").

## CONCLUSION

**¶35** For the foregoing reasons, this Court affirms the superior court's grant of Meeks's Rule 12(b)(6) motion to dismiss with prejudice and award of costs. This Court vacates the award of attorney fees and remands for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR

8